

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| GARY L. WISE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 6:09-00495-HFF-WMC |
| | § | |
| JEAN H. TOAL, Chief Justice; JAMES E. | § | |
| MOORE, Justice; JOHN H. WALLER, JR., | § | |
| Justice; E.C. BURNETT, III, Justice; COSTA | § | |
| M. PLEICONES, Justice; THE SUPREME | § | |
| COURT OF SOUTH CAROLINA; KAYE G. | § | |
| HEARN, Chief Judge, Court of Appeals; | § | |
| KENNETH A. RICHSTAD, Clerk, Court of | § | |
| Appeals; V. CLAIRE ALLEN, Deputy | § | |
| Clerk, Court of Appeals; BRUCE H. | § | |
| WILLIAMS, Judge, Court of Appeals, and J. | § | |
| CURETON, Judge, Court of Appeals, | § | |
| in their official and individual capacities, | § | |
| | § | |
| Defendants. | § | |

## ORDER

This case was filed as a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that the Court dismiss the Complaint without prejudice under the *Rooker-Feldman* Doctrine for lack of subject matter jurisdiction, under the Eleventh Amendment, and under the doctrines of judicial and quasi-judicial immunity. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on May 6, 2009, and the Clerk of Court entered Plaintiff's objections to the Report on May 29, 2009. On June 1, 2009, the Clerk entered additional attachments to Plaintiff's objections, consisting of various state court documents.

Defendant's objections fail to specifically address the Magistrate Judge's grounds for dismissal in the Report. Specific objections are necessary to focus the Court's attention on disputed issues. *See Thomas v. Arn*, 474 U.S. 140, 147-48 (1985) (requiring specific objections to a magistrate's report to enable district court judges to focus on disputed issues and to prevent "sandbagging" of district judges by litigants who fail to object and then appeal). Because general objections to the Magistrate Judge's Report do not direct the Court's attention to any specific portion of the Report, they are tantamount to a failure to object. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object."); *see also Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (holding that failure to file specific objections to particular conclusions in magistrate judge's report, after warning of consequences of failure to object, waives further review). In the absence of objections to the Report of the Magistrate Judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir.

1983). Instead of specifically objecting to or addressing the Magistrate Judge's grounds for dismissal, Defendant simply reasserts that the state court's judgment against him was the result of fraud, duress, and misrepresentation and that his due process and equal protection rights were violated. Therefore, because no specific objections were made, the Court is not required to provide any explanation for adopting the Report.

The Court, however, would like to explain its decision with regard to the *Rooker-Feldman* Doctrine. The Magistrate Judge correctly acknowledges that the Court does not have subject matter jurisdiction over Plaintiff's case under the *Rooker-Feldman* Doctrine. "The *Rooker-Feldman* Doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Recently, the Supreme Court of the United States has warned lower federal courts that the *Rooker-Feldman* Doctrine is a narrow doctrine and that it should not be used to "'overrid[e] Congress' conferral of federal-court jurisdiction concurrent with jurisdiction exercised by state courts.'" *Id.* at 464 (quoting *Exxon Mobil Corp.*, 544 U.S. at 283). The *Rooker-Feldman* Doctrine's applicability is limited to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp.*, 544 U.S. at 284. As the Magistrate Judge acknowledges, Plaintiff filed this action in federal court after the judgment was rendered against him in state court. Plaintiff, a state-court loser, essentially asks for the Court to review the state court's adverse judgment. Under the *Rooker-Feldman* Doctrine, the Court does not have jurisdiction to engage in such a review.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, finding them to be without merit, adopts the Report to the extent that it is not inconsistent with this Order and incorporates it herein. Therefore, it is the judgment of this Court that the Complaint be **DISMISSED** *without prejudice* and without issuance and service of process. The Court, however, declines to deem the dismissal a strike for purposes of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED**.

Signed this 8th day of June, 2009, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within 30 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.